# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2024

Lyle W. Cayce
Clerk

No. 23-40365
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL SALINAS, JR.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:22-CR-368-1

———————————————————————

Before JOLLY, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Miguel Salinas, Jr., appeals his guilty plea conviction for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). Salinas contends that his guilty plea is invalid because (1) § 922(g) was rendered unconstitutional by the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and (2) satisfying § 922(g)'s interstate-nexus

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

element requires more than an admission that a firearm was manufactured outside of, and thus imported into, the state in which it was possessed.

Because Salinas did not object to the district court's acceptance of his guilty plea, let alone on either of the bases he raises on appeal, we review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). To show plain error, Salinas must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett*, 556 U.S. at 135. If he satisfies the first three requirements, we may, in our discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Salinas fails to make the requisite showing. He cites no binding authority from this court or the Supreme Court holding § 922(g) to be unconstitutional, either facially or as applied, in light of *Bruen*. A "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). Absent such authority, the unconstitutionality of § 922(g) in light of *Bruen* is neither clear nor obvious. *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023).

Similarly, Salinas cites no binding authority for his argument that satisfying § 922(g)'s interstate-commerce nexus requires more than an admission that the relevant firearm was manufactured outside of the state in which it was possessed. *See Gonzalez*, 792 F.3d at 538. To the contrary, the Supreme Court has held that § 922(g)'s interstate-commerce nexus requires no more than "the minimal nexus that the firearm[s] have been, at some time, in interstate commerce." *Scarborough v. United States*, 431 U.S. 563, 575 (1977). Salinas admitted that the firearm he possessed in Texas was manufactured outside of Texas, meaning that the gun must, at some point,

No. 23-40365

have been in interstate commerce. The district court thus did not clearly or obviously err in accepting his guilty plea. *See Puckett*, 556 U.S. at 135.

Accordingly, the judgment and sentence imposed by the district court is in all respects

AFFIRMED.